| | |
|---|---|
| ADAMS COUNTY DISTRICT COURT, COLORADO<br><br>Court Address: 1100 Judicial Center Dr<br>Brighton, CO 80601 | DATE FILED: November 13, 2023 8:19 PM<br>FILING ID: C6E9AC1A14CE0<br>CASE NUMBER: 2023CV31618 |
| Plaintiff: Monica Reyes Anchondo,<br><br>v.<br><br>Defendant: Lowe's Home Centers, LLC | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Daniel Vedra #43596<br>VEDRA LAW LLC<br>1444 Blake Street<br>Denver, CO 80202<br>T. 303.937.6540<br>F. 303.937.6547<br>E. dan@vedralaw.com<br><br>Anna N. Martinez #37756<br>Martinez Law Colorado, LLC<br>2373 Central Park Blvd #100<br>Denver, CO 80238<br>T: 303.529.3711<br>F: 303.529.0282<br>E: anna@martinezlawcolorado.com | Case No.<br><br>Division: |

**COMPLAINT AND JURY DEMAND**

Plaintiff Monica Reyes Anchondo, by and through her attorneys, Vedra Law, LLC and Martinez Law Colorado, LLC, for her Complaint and Jury Demand against the Defendant, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff brings this lawsuit against the Defendant for personal injuries, losses and damages arising from merchandise that was precariously perched and then knocked onto the Plaintiff's head at a Lowe's Home Improvement Store.

2. At all times relevant to the Complaint, Plaintiff Monica Reyes Anchondo was a resident and citizen of the State of Colorado.

EXHIBIT A

3. The Defendant Lowe's Home Centers, LLC is a North Carolina limited liability company d/b/a Lowe's Home Improvement #2432 – Lowe's of N Westminster ("Lowe's") with a registered agent at Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

4. Defendant Lowe's is a home improvement chain store with premises located at 13650 Orchard Parkway, Westminster, Colorado (hereinafter the "Property").

5. Upon information and belief, at all times relevant hereto, Defendant was and is legally responsible for the condition of the Property and/or for activities conducted and/or circumstances existing on the Property at the time of this incident.

6. The tortious acts which form the basis of this complaint occurred in Adams County.

7. Venue is proper in Adams County pursuant to C.R.C.P. 98(c)(1) and C.R.C.P. 98(c)(5).

## II. GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference all statements previously set forth herein.

9. On November 17, 2021, Plaintiff entered the Lowe's Property to transact mutually beneficial business with Defendant based upon Defendant's express or implied representation that the public was requested to enter and remain on the Property.

10. One of Defendant's employees was retrieving yard decorations for the Christmas holiday using a ladder from an upper shelf for a customer.

11. The aisle where the decorations were being retrieved was not blocked off; there were no signs to stay away from the ladder or area where the items were being retrieved.

12. Plaintiff was waiting in the same aisle with other customers for assistance to purchase the same item.

13. The Defendant's employee dropped or caused a precariously perched heavy metal lamp to hit Plaintiff on top of the Plaintiff's head, causing her to fall unconscious briefly.

14. The Defendant did not block the area off from customer access while the employee retrieved the item.

15. The Defendant's use of the ladder to retrieve a heavy item from an upper shelf and act of moving the heavy item (or other items nearby) constituted a dangerous condition for customers, including the Plaintiff.

16. Defendant knew or should have known through the exercise of reasonable care of the dangerous condition created and/or existing on the Property.

17. Following the incident, another customer notified management at Lowe's of the Plaintiff's injuries and the dangerous condition.

18. Upon information and belief, the Defendant has in its possession, custody or control, an incident report prepared by Defendant concerning the incident and the dangerous condition.

19. At all times relevant to the Complaint, the Defendant had a nondelegable duty to protect invitees.

20. At the time of the incident, Plaintiff was using reasonable care.

21. As a direct and proximate result of Defendant's aforementioned actions and inactions, Plaintiff sustained injuries, losses and damages.

## III. CLAIMS

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### (Premises Liability C.R.S. § 13-21-115)

22. Plaintiff incorporates all prior allegations as though fully set forth herein.

23. Defendant Lowe's is liable to Plaintiff pursuant to C.R.S. § 13-21-115 for failure to exercise reasonable care to warn and protect Plaintiff against dangers of which Lowe's actually knew or should have known.

24. Plaintiff was an invitee and falls into the class of individuals to be protected under the statute.

25. Defendant Lowe's owed a duty to Plaintiff as an invitee to:

a. Reasonably inspect the premises against dangerous, hazardous and/or defective conditions that might be present on the premises, including the condition of removing merchandise from an upper shelf overhead of customers;

b. To maintain the premises in a reasonably safe condition when invitees such as Plaintiff are shopping for merchandise;

c. To warn invitees, including Plaintiff, against any and all dangerous, hazardous and/or defective conditions that might be present on the premises, including the use of a ladder to retrieve merchandise from overhead of customers; and

d. To protect invitees, including Plaintiff, against any dangers that were known or should have been known to Lowe's

26. Lowe's knew or should have known of the dangerous condition of the ladder and employee overhead of customers while retrieving heavy items from upper shelving beyond the reach of customers.

27. Defendant Lowe's, acting through its agents, servants, and/or employees permitted a dangerous condition to exist in its ownership, maintenance, and/or

control of the premises, including shopping area where merchandise is retrieved.

28. As a direct and proximate cause of the aforementioned acts and omissions of the Defendant, Plaintiff sustained and continues to incur past and future physical and mental pain and suffering, past and future economic damages, physical impairment, and loss of enjoyment of life.

WHEREFORE, Plaintiff Monica Reyes Anchondo respectfully requests this Court enter judgment against Defendant Lowe's Home Centers, LLC and in her favor for all economic and noneconomic damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted November 9, 2023,

By: */s/ Daniel Vedra*
Daniel Vedra, #43596
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**15700 Dallas Street**
**Brighton, CO 80602**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*