## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:24cv00042-SBP

MONICA REYES ANCHONDO,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC

    Defendant.

## DEFENDANT'S ANSWER AND JURY DEMAND

    Defendant Lowe's Home Centers, LLC ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits its Answer and Jury Demand to Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

### I. PARTIES, JURISDICTION, AND VENUE

    1.    Defendant admits that Plaintiff has filed a lawsuit against Defendant for alleged personal injuries, losses, and damages due to an incident at a Lowe's store. Defendant is without sufficient information to form a belief as to the truth or accuracy of the remining allegations in paragraph 1 of the Complaint, and therefore denies same.

    2.    Upon information or belief, Defendant admits the allegations in paragraph 2 of the Complaint.

    3.    Defendant admits the allegations in paragraph 3 of the Complaint.

    4.    Defendant admits the allegations in paragraph 4 of the Complaint.

5.     The allegations in paragraph 5 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required.  To the extent a response is required, Defendant admits the allegations in paragraph 5 of the Complaint.

6.     Defendant denies that it conducted any tortious acts.  As to the remaining allegations set forth in paragraph 6 of the Complaint, Defendant admits that the subject incident occurred in Adams County.

7.     The allegations in paragraph 7 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required.  To the extent a response is required, Defendant denies that venue in Adams County is proper as this case has been removed to federal court on the basis of diversity jurisdiction.

## II.     GENERAL ALLEGATIONS

8.     Defendant incorporates its responses to paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9.     The allegations in paragraph 9 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 9 of the Complaint, and therefore denies same.

10.    Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 10 of the Complaint, and therefore denies same.

11.    Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 11 of the Complaint, and therefore denies same.

12. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 12 of the Complaint, and therefore denies same.

13. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 13 of the Complaint, and therefore denies same.

14. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 14 of the Complaint, and therefore denies same.

15. The allegations in paragraph 15 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 15 of the Complaint, and therefore denies same.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 17 of the Complaint, and therefore denies same.

18. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 18 of the Complaint, and therefore denies same.

19. The allegations in paragraph 19 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 19 of the Complaint as inconsistent with Colorado law.

20. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 20 of the Complaint, and therefore denies same.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

## III. CLAIMS

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**(Premises Liability C.R.S. § 13-21-115)**

22. Defendant incorporates its responses to paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 24 of the Complaint, and therefore denies same.

25. The allegations in paragraph 25, including subparagraphs a through d, of the Complaint are legal conclusions, not factual allegations, and therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 25, including subparagraphs a through d, of the Complaint as inconsistent with Colorado law and states that its duties are governed by the Colorado Premises Liability Act, C.R.S. § 13-21-115.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies that Plaintiff is entitled to any of the relief sought in here WHEREFORE clause.

30. Defendant specifically denies any allegation not expressly admitted herein.

4

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The conduct of the Defendant was not a material element or substantial factor in bringing about the actual damages, if any, claimed by Plaintiff.

3. Plaintiff has failed to mitigate her claimed damages, if any, as required by law and is therefore barred from recovery against Defendant. Plaintiff may have failed to follow reasonable medical advice and instructions of attending physicians and health care providers.

4. Plaintiff's damages, if any, were the direct and proximate result of the acts of Plaintiff, or some other third party or person over whom Defendant has no control or right of control.

5. Plaintiff's damages, if any, are the result of intervening and superseding causes.

6. Plaintiff's non-economic damages, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5.

7. Plaintiff may have assumed the risk or injury or damage by voluntarily or unreasonably exposing herself to injury or damage with knowledge or appreciation of the danger and risk involved, as set forth in C.R.S. § 13-21-111.7.

8. Plaintiff's injuries or damages, if any, were the direct result of pre-existing conditions with which the Plaintiff was afflicted or other conditions unrelated to the incident alleged herein for which Defendant is not responsible.

5

9. The negligence of Plaintiff was equal to or greater than the alleged negligence of Defendant, if any, which liability Defendant expressly denies, and, therefore, the recovery sought by Plaintiff must be eliminated or proportionately reduced on a comparative basis in accordance with C.R.S. § 13-21-111.

10. Plaintiff's damages, if any, were caused by nonparties at fault pursuant to C.R.S. § 13-21-111.5. Defendant reserves the right to designate any nonparties pursuant to C.R.S. § 13-21-111.5.

11. Plaintiff's claim(s) may be limited or barred by Colorado's Premises Liability Act, § 13-21-115.

12. Plaintiff's damages, if any, must be reduced by all recoveries received from collateral sources, and Defendant may be entitled to a set-off. C.R.S. § 13-21-111.6.

13. Plaintiff's damages, if any, were the result of unforeseeable circumstances, which could not have been reasonably anticipated by Defendant, and Defendant is not legally responsible for Plaintiff's alleged damages.

14. Plaintiff's medical treatment, if any, may not have been reasonable or necessary, or incurred as a result of the injuries or conditions complained of as resulting from the incident.

15. Counsel for Defendant has not had an opportunity to participate in discovery or conduct a full investigation into the facts of this case. Counsel for Defendant will dismiss, withdraw, or modify any defense as may be required pursuant to Fed.R.Civ.P. 11, if it is revealed after discovery that Defendant cannot prevail in such defense.

16. Defendant reserves the right to bring additional affirmative defenses and/or to modify, revise, supplement, or withdraw affirmative defenses based on further investigation and discovery.

## JURY DEMAND

**DEFENDANT DEMANDS A TRIAL TO A JURY OF TWELVE (12) ON ALL ISSUES SO TRIABLE.**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests the Court to dismiss the same, for its costs and attorney's fees incurred herein as recoverable by applicable law, and for such other and further relief as the Court deems proper.

Respectfully submitted this 16th day of January, 2024.

        Hall & Evans, LLC

        *s/Elizabeth K. Olson*
        Christopher D. Bryan, Esq.
        Elizabeth K. Olson, Esq.
        1001 17th Street, Suite 300
        Denver, CO 80202
        Phone: (303) 628-3300
        Fax: (303) 628-3368
        bryanc@hallevans.com
        olsone@hallevans.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 16th day of January, 2024, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND JURY DEMAND** was filed with the Court via CM/ECF and served on the below-listed party by email:

Daniel Vedra, #43596
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202
dan@vedralaw.com

Anna N. Martinez, #37756
Martinez Law Colorado, LLC
2373 Central Park Blvd #100
Denver, CO 80238
anna@martinezlawcolorado.com

*Attorneys for Plaintiff*

            *s/Connie McConnell*
            Hall & Evans, LLC