## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-00042-CNS-SBP

MONICA REYES ANCHONDO,

     Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

     Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) was held on April 1, 2024, at 11:00 a.m. in Courtroom C-205, Byron G. Rogers U.S. Courthouse, 1929 Stout Street, Denver Colorado 80294 before United States District Magistrate Judge Susan Prose. Counsel for the parties appeared as follows:

**Attorneys for Plaintiff**:

Daniel Vedra
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202
dan@vedralaw.com

Anna N. Martinez
Martinez Law Colorado, LLC
2373 Central Park Blvd #100

Denver, CO 80238

anna@martinezlawcolorado.com

**Attorneys for Defendant:**

~~Christopher D. Bryan~~

Elizabeth S. Olson

Tyler D. Baker

Hall & Evans, L.L.C.

1001 17th Street, Suite 300

Denver, CO 80202

Telephone: (303) 628-3300

bryanc@hallevans.com

olsone@hallevans.com

bakert@hallevans.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§1332(a), 1441, and 1446. Plaintiff and

Defendant in this civil action are citizens of different states and the amount in controversy exceeds

the sum of $75,000, exclusive of interest and costs. Defendant timely removed this case from state

court under 28 U.S.C. § 1441.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

The Plaintiff claims injuries, losses, and damages arising from personal injuries when a

Lowe's employee dropped a large box with a heavy metal lamp post on her head, causing a head

injury. The Plaintiff makes claims pursuant to the Premises Liability Act at Section 13-21-115,

C.R.S., and alleges that the Defendant is the sole cause of the injuries, losses and damages.

### b. Defendant:

Defendant disputes fault or liability in this matter.  Defendant denies that it knew or should

have known of a dangerous condition, or that it failed to exercise reasonable care with respect to

any such condition.  Defendant disputes causation for as well as the extent, nature, and severity of

Plaintiff's claimed injuries and damages. Defendant asserts that Plaintiff's injuries and damages were proximately caused by the sole and/or contributory negligence of Plaintiff.  Defendant incorporates its affirmative and other defenses in its Answer and Jury Demand as though fully set forth herein.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff is a citizen of, and domiciled, in the state of Colorado.

## 5. COMPUTATION OF DAMAGES

**PLAINTIFF:**

Plaintiff seeks economic and noneconomic damages.

A.      Economic damages for past medical expenses, itemized as follows:

| | |
|---|---|
| Colorado Concussion Clinic | $3,382.00 |
| Colorado Concussion Clinic – Sarah Johnson OD | $945.00 |
| Touchstone Imaging | $3,350.00 |
| St. Anthony North | $20,578.53 |
| Sound Relief | $60.00 |
| US Anesthesia Partners of Colorado | $652.47 |
| USACS | $2,007.66 |
| Broomfield Family Practice | TBD |
| UCHealth | TBD |
| TOTAL: | $30,975.66* |

*This amount will be supplemented if additional expenses are received

B.      Adequate compensation for inconvenience, pain and suffering, loss of enjoyment of life, and mental anguish, as well as physical impairment to be determined at the time of trial.

C.      Future medical costs pursuant to expert opinion.

3

D.      Pre and post-judgment interest at the highest lawful rates.

E.      Economic damages for lost earning capacity, pursuant to expert opinion.

**DEFENDANT:**

Defendant is not seeking any damages from Plaintiff at this time. However, Defendant reserves the right to seek costs and attorney fees recoverable under law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting. February 8, 2024

b.      Names of each participant and party he/she represented.

Attorneys for Plaintiff, Daniel Vedra and Anna Martinez; and Attorney for Defendant, Elizabeth Olson.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Defendant made its Rule 26(a)(1) disclosures on February 22, 2024, and Plaintiff made hers on March 4, 2024.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.      Statement concerning any agreements to conduct informal discovery:

There are no agreements to conduct informal discovery at this time.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

There is currently no agreement to reduce discovery or other litigation costs. The parties do not anticipate that their claims and defenses are so complex that any other formal agreement is needed to reduce discovery or litigation costs. Should the documents or discovery become burdensome, the parties will discuss how to reduce discovery and other litigation costs. Documents produced by the parties shall be Bates numbered. The parties agree to use a unified numbering system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties do not anticipate extensive electronically stored information will be necessary to their claims or defenses or that a substantial amount of discovery will involve electronically maintained records. The parties shall produce relevant ESI in the possession, custody, or control in an easily accessible format.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Prospects for settlement are largely dependent upon the results of discovery and expert input. However, the parties are open to settlement negotiations.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The parties agree to a limit of five lay witness depositions per party in addition to expert depositions (including non-retained experts). The parties also agree that <span style="color:red">each side shall be limited to</span> the presumptive limit of 25 interrogatories, <span style="color:red">including discrete subparts.</span>** ~~**should apply.**~~

b.      Limitations which any party proposes on the length of depositions.

**The parties agree to the presumptive limit of one day of seven hours per deposition.**

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

**The parties agree that each party shall be limited to 25 requests for production and 25 requests for admission.**

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

**October 18, 2024.**

e.      All responses shall be served on or before the discovery cut-off date **November 22, 2024.**

f.      Other Planning or Discovery Orders

**None.**

### 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

**May 20, 2024.**

b.      Deadline for Designation of Non-Parties at Fault:

**May 20, 2024.**

b.      Discovery Cut-off:

**November 22, 2024.**

c.      Dispositive Motion Deadline/<span style="color:red">Deadline for Motion Pursuant to Fed. R. Evid. 702</span>:

**January 15, 2025**.

d.      Expert Witness Disclosures:

1.      The Parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff**:  Plaintiff anticipates endorsing her treating providers or retaining experts in the fields of neurology, neuropsychology, physical medicine & rehabilitation, radiology, medical billing, and disability/vocational rehabilitation. She also anticipates endorsing an economist.

**Defendant**:  Depending on further discovery and disclosures, Defendant anticipates retaining experts to rebut Plaintiff's experts. Defendant may also retain a medical expert to conduct a Rule 35 examination or records review.  Defendant may also designate certain of Plaintiff's treating providers as non-retained experts.  Defendant reserves the right to designate experts in additional areas as further discovery dictates.

2.      Limitations which the parties propose on the use or number of expert witnesses. **The parties agree that no more than one expert per field of expertise will be designated to testify.** <span style="color:red">3 retained experts per side.</span>

3.      Plaintiff shall designate all experts and provide opposing counsel and any *pro se* parties all information specified in Fed.R.Civ.P. 26(a)(2) on or before: **August 9, 2024.**

4.      Defendant shall designate all experts and provide opposing counsel and any *pro se* parties all information specified in Fed.R.Civ.P. 26(a)(2) on or before: **September 20, 2024**.

5.      The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* parties all information specified in Fed.R.Civ.P. 26(a)(2) on or before: **October 11, 2024.**

6.      The parties shall disclose expert files within fourteen (14) days of disclosure of the expert's report.

e.      Identification of Persons to Be Deposed:

PLAINTIFF:

| *Name of Deponent* | *Date and Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|
| 30(b)(6) of Defendant | TBD | TBD |
| Employee(s) at scene of incident | TBD | TBD |
| Management or supervisor on duty the day of incident | TBD | TBD |
| Defense Experts | TBD | TBD |
| | | |

DEFENDANT:

| *Name of Deponent* | *Date and Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|
| Plaintiff | To be determined. | To be determined. |
| Plaintiff's treating medical providers | To be determined. | To be determined. |
| Plaintiff's Expert(s) | To be determined. | To be determined. |

| Any other witness disclosed during discovery | To be determined. | To be determined. |
|---|---|---|

~~f.~~ ~~Deadline for Interrogatories:~~

~~The Parties shall serve all written interrogatories by **October 18, 2024**.~~

~~g.~~ ~~Deadline for Requests for Production of Documents and/or Admissions:~~

~~The Parties shall serve all requests for production of documents and/or admission by~~ ~~**November 22, 2024.**~~

## 10. DATES FOR FURTHER CONFERENCES

a.   Status Conferences will be held in this case at the following dates and times: None at this time. Future status conferences may be set at the request of the parties or the Court.

b.   Counsel shall contact Judge Sweeney's chambers by email (Sweeney_Chambers@cod.uscourts.gov) within twenty-four hours of the Scheduling Conference to obtain dates for a Final Pretrial Conference. A Trial Preparation Conference and trial date(s) will be given to the parties at the Final Pretrial Conference.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**None**.

b.   Anticipated length of trial and whether trial is to the court or jury.

**The Parties anticipate needing five (5) days to try this case to a jury.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and Magistrate Judge Prose's Discovery Dispute Hearing Procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 1st day of April, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:


/s/Anna N. Martinez
Daniel Vedra
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202


Anna N. Martinez
Martinez Law Colorado, LLC
2373 Central Park Blvd #100
Denver, CO 80238
*Attorneys for Plaintiff*

/s/Elizabeth K. Olson
Christopher D. Bryan
Elizabeth K. Olson
Tyler D. Baker
HALL & EVANS, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300
*Attorneys for the Defendant*