IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 24-cv-00042-CNS-SBP

MONICA REYES ANCHONDO,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC

    Defendant.

---

### DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

---

Defendant Lowe's Home Centers, LLC ("Defendant" or "LHC"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits its Motion to Modify Scheduling Order, and in support thereof, states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1

Defense counsel has conferred with Plaintiff's counsel regarding the relief sought by this Motion. Plaintiff is opposed.

### BACKGROUND

1.    Defendant conducted Plaintiff's deposition on November 26, 2024. During her deposition, Plaintiff testified that her relationship with her boyfriend, Luis Silva ("Mr. Silva") had ended due to issues associated with injuries from the alleged incident, including irritability and memory.

2. Mr. Silva further has information that is relevant to Plaintiff's claim for wage loss should that claim be allowed to proceed, which is currently the subject of a discovery hearing set for January 7, 2025. Plaintiff's wage loss claim is from her alleged wage loss as a real estate agent. Mr. Silva is the owner of Luxe Realty at which Plaintiff was contracted as a real estate agent at the time of the incident, and after the incident. Plaintiff became involved in real estate through her relationship with Mr. Silva.

3. During conferral over various issues on December 6, 2024, Defendant's counsel raised with Plaintiff's counsel that Defendant desired to take Mr. Silva's deposition, but that it might make sense to do so after the discovery hearing so that we would have clarity as to the scope of his deposition.

4. Defense counsel's office contacted Mr. Silva for dates for his deposition. He was available December 17, 2024, but counsel for Plaintiff was unavailable. Defense counsel's office obtained further dates from Mr. Silva for his deposition and provided them to Plaintiff's counsel on December 12, 2024, including January 2, 7, 8, 9, or 10, 2025.

5. Discovery cut-off is scheduled today, December 16, 2024.

6. On December 16, 2024, Defense counsel had not heard from Plaintiff's counsel regarding proposed dates, and followed up about Plaintiff's counsel's availability, and whether counsel had an objection to extension of discovery to conduct the deposition.

7. Plaintiff's counsel objected but was not available to confer over the telephone. Defendant's counsel relayed that she felt the need to get a motion on file but would confer further the following day when counsel for Plaintiff was available and supplement. Further conferral was conducted by email before the filing of this motion

2

during which Plaintiff's counsel proposed that they would not oppose the extension and extension for Defendant to serve experts on the wage loss claim if Defendant withdrew its objection to the timing of Plaintiff's wage loss claim. Defendant was not agreeable to Plaintiff's proposal.

**MOTION**

8. The Scheduling Order [Doc. 20] was entered in this matter on April 1, 2024, setting a discovery deadline of November 22, 2024.

9. The Scheduling Order was modified by the Court's Order on September 3, 2024 [Doc. 26], granting Plaintiff's Unopposed Motion to Amend Scheduling Order [Doc. 24], which extended discovery to December 16, 2024.

10. Pursuant to Fed. R. Civ. P. 6(b)(1) and 16(b)(4), deadlines may be extended upon a showing of good cause.

11. Defendant seeks extension of discovery solely to conduct the deposition of Mr. Silva. Defendant has good cause for this extension as Defendant was not aware of information Mr. Silva possessed relevant to the claims and defenses in this case beyond Plaintiff's vague disclosure of him until it conducted Plaintiff's deposition at the end of November.

12. Specifically, Defendant was not aware of Plaintiff's claim that her relationship with Mr. Silva ended due to the incident until her deposition, including issues with irritability and her memory. Additionally, Defendant was not aware until Plaintiff's deposition that Mr. Silva has highly relevant information as to Plaintiff's wage loss claim, if that claim is allowed to proceed

13. Defendant was unable to schedule Mr. Silva's deposition prior to discovery cut-off, and believes that the parties would be best served by conducting his deposition after the hearing on January 7, 2025, on January 8, 9, or 10, 2025 (a 23, 24, or 25-day extension respectively), as by then the parties will know whether the scope will include information relevant to Plaintiff's wage loss claim, or whether that claim will be precluded.

14. No party will be prejudiced by the relief sought herein, and this motion is not made for purposes of delay.

15. Pursuant to D.C.COLO.LCivR 6.1(c), this motion is being served contemporaneously on Defendant.

WHEREFORE, Defendant respectfully requests an extension of discovery solely to conduct the deposition of Mr. Silva, up to and including January 10, 2025, assuming that Plaintiff's counsel can be available for his deposition on January 8, 9, or 10, 2025.

Respectfully submitted this 16th day of December, 2024.

Hall & Evans, LLC

s/Elizabeth K. Olson
Christopher D. Bryan, Esq.
Elizabeth K. Olson, Esq.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
Fax: (303) 628-3368
bryanc@hallevans.com
olsone@hallevans.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December 2024, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER** was filed with the Court and served via CM/ECF and on the following parties:

Daniel Vedra, #43596
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202
dan@vedralaw.com

Anna N. Martinez, #37756
Martinez Law Colorado, LLC
2373 Central Park Blvd #100
Denver, CO 80238
anna@martinezlawcolorado.com

*Attorneys for Plaintiff*

                                         *s/ Elizabeth K. Olson*

5